This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    NO. 34,455

**NICHOLAS RAY LOPEZ,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Appellant Nicholas Ray Lopez (Defendant) appeals from the district court's

denial of his motion to withdraw his guilty plea. [DS 1; RP 114–17, 192] In this Court's notice of proposed disposition, we proposed to affirm the district court's denial of Defendant's motion. [CN 1] Defendant filed a memorandum in opposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm.

{2} Defendant continues to argue he should have been allowed to withdraw his plea on the basis that he received ineffective assistance of counsel. [DS 5; MIO 7] In this Court's notice of proposed disposition, we noted that in order to make a prima facie case of ineffective assistance of counsel warranting withdrawal of a plea, Defendant must show that counsel's performance was deficient, and the deficient performance prejudiced his defense. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. [CN 2-3] In his memorandum in opposition, Defendant again responds by asserting facts that are not of record to show ineffective assistance of counsel. [CN 2-4] Though the district court held a hearing on Defendant's motion and took argument from counsel and statements from Defendant [MIO 6; RP 193], Defendant does not present facts from the hearing to support his argument. [MIO 6] We note that "[f]or this Court to remand to the trial court on this issue, the defendant must present a prima facie case of ineffective assistance of counsel. Without such prima facie evidence, the Court presumes that defense counsel's performance fell within the range of reasonable

representation." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517 (citation omitted). Because Defendant's assertions are based on facts not of record [MIO 2-4; RP 192-93], they do not provide a basis for relief on direct appeal and may be more appropriately addressed in habeas corpus proceedings, where he may develop a record with respect to these issues. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31; *State v. Arrendondo*, 2012-NMSC-013, ¶ 43.

{3}     Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{4}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**